**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lincoln General Insurance Company, | ) | |
| | ) | No. 1:14-cv-08446 |
| Plaintiff, | ) | Judge Harry D. Leinenweber |
| | ) | Magistrate Judge |
| v. | ) | Jeffrey Gilbert |
| | ) | |
| Joseph T. Ryerson & Son, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff Lincoln General's Motion to Dismiss Defendant Travelers Property Casualty
Company of America's Affirmative Defenses and Counterclaim [Dkt. No.40]**

**INTRODUCTION**

Lincoln General seeks a declaration of its rights and obligations to Joseph T. Ryerson &
Son, Inc. ("Ryerson") under an insurance policy issued by Lincoln General to Illinois State Motor
Service, Inc. in connection with a $27 million dollar judgment in 2012 against Illinois State,
Ryerson, Dorlan Crane, and 3pL Corp. for damages arising from an accident that occurred ten
years earlier. [Dkt. No. 40 ¶¶ 5-6, 19].

In its counterclaim, Travelers asks this Court to determine that Lincoln General must
reimburse it for the $2.4 million in attorney's fees Travelers spent to defend Ryerson, and $1.6
million in post-judgment interest. [Dkt. No. 40 pages 30, 36-38 ¶¶ 26-27, 51, 56-57]. Ryerson was
not named as an insured or additional insured under Lincoln General's Policy, and Travelers does
not allege that Ryerson tendered its defense to Lincoln General. Travelers also does not allege that
during the 11 years it spent defending Ryerson, it reserved its rights to look to Lincoln General for
any portion of the defense costs. Instead, Travelers alleges that Lincoln General had "actual notice"
that Ryerson was a defendant in the underlying case when the Second Amended Complaint was

filed against Ryerson in 2003, and also had "actual notice" that Ryerson was an omnibus insured under Lincoln General Policy. [Dkt. No. 40, pages 24-25, 33 ¶¶ 35-36].

This Court should dismiss Travelers' Counterclaim and Affirmative Defenses. Illinois courts have held that "actual notice" alone is not enough to trigger an insurer's duty to defend an omnibus insured. Because Ryerson never tendered its defense to Lincoln General, Travelers' claim for defense costs fails for this reason alone.

Furthermore, Travelers' counterclaim independently fails because in the eleven years in which it controlled Ryerson's defense – during which a $27 million dollar was entered against Ryerson and affirmed on appeal – it did not give Lincoln General the opportunity to participate in the defense or suggest that Lincoln General would be responsible for a portion of the defense expenses. Not until Lincoln General filed this lawsuit – after Travelers and Illinois National paid the judgment on behalf of Ryerson – did Travelers assert that Lincoln General is responsible for Ryerson's defense. Accordingly, Travelers waived that claim, and this Court should dismiss the Counterclaim and Affirmative Defenses.[1]

## STATEMENT OF FACTS

### I. The Hoffmans' $27 million judgment against Ryerson.

Travelers alleges that on July 12, 2002, Nancy, Mark, and Karen Hoffman sued Illinois State and its alleged agent, Dorlan Crane, in the Circuit Court of Cook County, Illinois, as the result of a collision on June 21, 2002 between a semi-trailer driven by Crane and a car in which Nancy Hoffman and Karen Hoffman were driving. [Dkt. No. 40, page 26-27 ¶¶ 5-6]. After Illinois

---

[1]    This Court should also dismiss Travelers' First and Fifth Affirmative Defenses, which allege that Lincoln General's Complaint fails to state a claim, and purports to reserve Travelers' right to assert additional defenses. [Dkt. No. 40, pages 24-25]. Travelers alleges no facts to support its claim that Lincoln General's complaint is deficient, and this Court should dismiss Travelers' First Affirmative Defense. *Jackson v. Methodist Med. Cntr. Of Illinois*, 2007 U.S. Dist. LEXIS 2081 *5-7 (C.D. Ill. Jan. 11, 2007). Similarly, Fed. R. Civ. P. 15 governs amendments to pleadings. Travelers cannot "'hold the Court hostage to [its] inclination to later amend' its pleadings." *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 U.S. Dist. 44509 * 4 (N.D. Ill. May 27, 2009) (citation omitted).

State notified Lincoln General of the case, Lincoln General appointed defense counsel to defend Crane and Illinois State. [Dkt. No. 40, page 27 ¶¶ 8-12; Dkt. No. 40-1]. A year later, the Hoffmans filed a Second Amended Complaint that added Ryerson Tull, Inc. (an entity related to Ryerson, which was later dismissed), Dormack Construction Company, Inc., and Sapp Brothers; this complaint alleged that Crane was the agent or employee of Ryerson Tull. [Dkt. No. 40, pages 27-28 ¶ 13]. Ryerson Tull tendered its defense to Travelers, which agreed to defend Ryerson Tull. [Dkt. No. 40, pages 28 ¶¶ 14-15]. Ryerson was added the following year in the Third Amended Complaint that also added 3pL Corp.; this complaint alleged that Crane was the agent of Illinois State, 3pL Corp., and Ryerson. [Dkt. No. 40, pages 28 ¶ 16; Dkt. No. 40-5]. The final operative pleading in the Underlying Action was the Sixth Amended Complaint filed on December 27, 2011, which asserted claims against Crane, Illinois State, 3pL Corp., and Ryerson. [Dkt. No. 40, pages 28-29 ¶ 17; Dkt. No. 40-6].

The jury returned a verdict against Crane, Illinois State, 3pL Corp., and Ryerson for $27 million. [Dkt. No. 40, page 29 ¶¶ 19-21; Dkt. No. 40-8]. The Illinois Appellate Court affirmed the judgment on June 3, 2014, and the Illinois Supreme Court denied Ryerson's Petition for Leave to Appeal. [Dkt. No. 40, pages 29-30 ¶¶ 22-25].

## II. The Insurance Coverage Dispute.

A. *Travelers satisfies a portion of the judgment against Ryerson.*

Ryerson was a Named Insured under the Travelers Policy, which had policy limits of $2 million. [Dkt. No. 40, page 28 ¶ 15; Dkt. No. 40-2, pages 12, 69]. After the Illinois Supreme Court denied Ryerson's Petition for Leave to Appeal, Travelers paid $3.6 million in partial satisfaction of the Underlying Judgment and post-judgment interest on behalf of Ryerson. [Dkt. No. 40, page 30 ¶ 26]. Travelers also paid $2.4 million for the defense of Ryerson Tull and Ryerson. [Dkt. No.

40, page 30 ¶ 27]. (Travelers' prayer for relief only seeks the defense fees and interest. [Dkt. No. 40, pages 36-37]).

B.     *The Lincoln General Policy.*

Lincoln General issued an Auto Package Policy to Illinois State with $1 million liability limit per accident or loss. [Dkt. No. 40, page 30 ¶ 28]. The Named Insured in the Lincoln General Policy is "Illinois State Motor Services, Inc." [Dkt. No. 40-9, Page 5]. The Lincoln General Policy contains a Designated Insured endorsement that identifies "United States Steel Corp." as an "insured." [Dkt. No. 40-9, Page 9].

Travelers does not claim that Ryerson was a "Named Insured" or an identified "Designated Insured" under the Lincoln General Policy. Instead, Travelers contends that Ryerson qualified as an "insured" under Section (e) of the Lincoln General Policy "Who Is An Insured" provision because Ryerson was "Anyone liable for the conduct of an 'insured' described above [Illinois State and Dorlan Crane] but only to the extent of that liability." [Dkt. No. 40, pages 30-31 ¶¶ 29-30; Dkt. No. 40-9, Pages 13-14].

## ARGUMENT

Travelers alleges that Lincoln General breached its duty to defend Ryerson because Lincoln General had "actual notice" that Ryerson was alleged to be an omnibus insured under the Lincoln General Policy. But Travelers fails to allege that Ryerson tendered its defense to Lincoln General, and Lincoln General's knowledge that a potential omnibus insured is a defendant in the same lawsuit as the Named Insured alone is not enough to trigger Lincoln General's duty to defend the omnibus insured. Moreover, for almost a decade, Travelers defended Ryerson – through trial, verdict, and appeal – without giving Lincoln General any indication that it would look to Lincoln General to reimburse the judgment against Ryerson. Travelers deprived Lincoln General of the

right to control Ryerson's defense or settlement, and Travelers thus waived its claims against Lincoln General. Accordingly, this Court should dismiss Travelers' Counterclaim and Affirmative Defenses.

**I.      Lincoln General's knowledge that Ryerson was a defendant in the Underlying Action was insufficient to trigger Lincoln General's duty to defend and indemnify.**

This Court should dismiss Travelers' Counterclaim and Affirmative Defenses because Travelers fails to allege the necessary facts to establish that Lincoln General's duty to defend or indemnify Ryerson, as a purported omnibus insured. Travelers alleges that Lincoln General had "actual notice" that Ryerson was an insured because Lincoln General received the lawsuit against Illinois State, and knew or should have known that the claims against Ryerson potentially fell within the Lincoln General Policy's coverage. [Dkt. No. 40, page 33 ¶¶ 36-37]. But in Illinois, such notice alone is not enough to trigger the duty to defend for an omnibus insured, or excuse the omnibus insured's duty under the policy to forward all suit papers to the insurer.

*A.      "Actual notice" alone does not trigger the duty to defend an omnibus insured.*

Although Travelers alleges that Lincoln General had "actual notice" that Ryerson was an omnibus insured under the Lincoln General Policy, such notice is insufficient as a matter of law to trigger an insurer's duty to defend. In *Pekin Ins. Co. v. Brown*, 830 N.E.2d 10, 19-20 (Ill. App. 2005), the Illinois Appellate Court held that Pekin's duty to defend an omnibus insured was not triggered when the omnibus insured failed to tender its defense to Pekin. There, a van insured by Fidelity and Guaranty Insurance broke down, and while it was being towed, it disengaged from the tow truck, insured by Pekin, and crossed into oncoming traffic. The injured parties sued the tow-truck owner, the tow-truck driver, the delivery van owner, and the delivery van driver. *Id*. at 13. The Appellate Court held that the allegations against the delivery van owner and driver were sufficient to potentially provide coverage to them under the omnibus clause in the Pekin policy

issued to the tow-truck owner, and thus Pekin had a duty to defend the delivery van driver. *Id*. at 17-19. However, the Appellate Court further held that "the delivery van driver was not listed on the Pekin policy, so mere notice of the underlying cause of action alone did not necessarily put Pekin on notice that it owed a defense to its omnibus insured." *Id*. at 20. Thus, the court held that "Pekin's duty to defend the delivery van driver … was *never triggered* because the delivery van driver never tendered defense of the action to Pekin." *Id*. at 20 (emphasis supplied).

Similarly, in *Home Ins. Co. v. United States Fidelity & Guar. Co*., 755 N.E.2d 122 (Ill. App. 2001), Prestress Engineering Corporation ("PEC") was not a named insured or identified as an additional insured under the USF&G policy issued to Tri Sons. *Id*. at 126-127. "USF&G did not receive a tender letter from PEC claiming coverage until four years after the commencement of the underlying litigation." *Home Ins*., 755 N.E.2d at 134. The court observed that a duty to defend might have been triggered, notwithstanding PEC's failure to tender its defense, "[i]f Home [could] establish that USF&G had actual notice as it pertained to PEC.". *Id*. at 135. However, the court held that before PEC tendered its defense, the mere fact that USF&G was advised of the underlying lawsuit in 1993 and that PEC was a defendant was not enough to establish "actual notice" necessary to trigger coverage under the USF&G policy. *Id*. at 134. The court remanded for a development of the record to determine when PEC learned of its insured status under the USF&G policy. *Id*. at 135.

Here, Travelers alleges that Ryerson was an omnibus insured under the Lincoln General Policy. [Dkt. No. 40, pages 30-31 ¶¶ 30-31; Dkt. No. 40-9, Pages 13-14]. Travelers National further alleges that Lincoln General had "actual notice" because it knew that Ryerson was a defendant in the Underlying Action. [Dkt. No. 40, page 33 ¶¶ 36-37]. But under *Pekin* and *Home*, without a tender of defense, mere knowledge that a potential omnibus insured is a defendant in a

lawsuit is not enough to trigger Lincoln General's duty to defend. *Home Ins.*, 755 N.E.2d at 134; *Pekin Ins.*, 830 N.E.2d at 19-20. Travelers does not that Ryerson tendered its defense to Lincoln General, without which its claim is not "plausible on its face," and should be dismissed. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (under Fed. R. Civ. P. 8(a)(2), a complaint must contain enough facts to state a claim that is "plausible on its face"; conclusory statements are not enough); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Naylor v. Streamwood Behaviorial Health Sys.*, 2012 U.S. LEXIS 162084 *19-20 (N.D. Ill. Nov. 13, 2012) (The plausibility standard applies equally to affirmative defenses). Thus, this Court should dismiss Travelers' Counterclaim and Second Affirmative Defense (Actual Notice).

  *B. Cincinnati Cos. does not apply to omnibus insureds.*

  The Lincoln General Policy requires all insureds to "immediately send" Lincoln General "copies of any … summons or legal papers received concerning the 'suit." [Dkt. No. 40-9, page 20]. In *Cincinnati Cos. v. West American Ins. Co.*, 701 N.E.2d 499 (Ill. 1998), the Illinois Supreme Court held that the insurer of an Additional Insured identified in the policy had a duty to defend that insured when it has "actual notice of the underlying suit …" from its Named Insured. Under those circumstances, the court rejected the argument that the Additional Insured was required to tender its defense to the insurer. *Id.* at 505. Here, because Ryerson was not an insured identified in the Lincoln General Policy (and paid no premium for the policy), *Cincinnati Cos.* does not apply to excuse compliance with the policy requirement that the insured tender its defense.

  *1. An omnibus insured does not pay or bargain for coverage.*

  The primary principle animating the court's decision in *Cincinnati Co.* was the consideration received by the insurer for coverage of the additional insured identified in the policy. *Cincinnati Cos.*, 701 N.E.2d at 504. Thus, the court held that "[t]he insurer, having received

consideration for inclusion of the insured on its policy, should not be allowed to evade its responsibilities under the policy as the result the insured's ignorance, particularly where the insurer has actual notice of a claim against its insured." *Cincinnati Cos.*, 701 N.E.2d at 505; *see Federated Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 688 N.E.2d 627, 634 (Ill. App. 1996) ("When a premium is paid for an insurance policy, the insured generally wants the benefit of the policy and so desires the insurer to defend a claim under the terms of the policy.")

This holding does not extend to an omnibus insured, which does not pay or bargain for coverage. Illinois courts and the Seventh Circuit recognize that an omnibus insured does not have the same rights as a Named Insured or an identified Additional Insured. In *State Auto Prop. & Cas. Ins. Co. v. Springfield Fire & Cas. Co.*, 916 N.E.2d 157, 161 (Ill. App. 2009), the court explained that an omnibus insured does not pay the premium for coverage, or bargain to be named as an Additional Insured:

> Whether an individual is a named insured is significant because the rational for allowing an insured to deselect coverage is that it vests the named insured with the right to choose between two policies for which that named insured has (1) paid the premium or, (2) … negotiated for the contracted right to be named on another's policy. ***. In contrast, when a party has only contracted with, and paid the premium for, one policy and attempts to deselect its policy in favor of a policy on which it has not paid the premium or negotiated to be the named insured, this rationale is inapplicable.

*Vedder v. Standard Mut. Ins. Co.*, 978 N.E.2d 1111, 1117 (Ill. App. 2012) (omnibus insured could not target tender her defense to omnibus insurer because she neither paid a premium for nor bargained for coverage under that policy); *Pekin Ins. Co. v. Fidelity & Guar. Ins. Co.*, 830 N.E.2d 10, 19 (Ill. App. 2005) (same); *see also Coca-Cola Enterprises, Inc. v. ATS Enterprises, Inc.*, 670 F.3d 771, 777 n. 6 (7th Cir. 2010) (following *Pekin Ins. Co.*). Thus, the foundational underpinning of the *Cincinnati Cos.* holding – that the insurer should be held to "the insurance contract for which the insurer received consideration," *Cincinnati Cos.*, 701 N.E.2d at 504 -- does not extend to an

omnibus insured, which neither pays the premium for -- or bargains to be identified as – a Named or identified Additional Insured. This Court should dismiss Travelers' claims.

> 2. *Requiring an insurer to defend an omnibus insured based on actual notice would impose an onerous burden.*

*Cincinnati Cos*. also noted that "the insurer is usually in a better position than even a sophisticated insured to know the scope of the insurance contract and its duties under it." *Id*. at 505. The court stated that the policy's condition that the insured must forward suit papers served upon it "'requires an insured to jump through meaningless hoops towards an absurd end: telling the insurer something it already knows.'" *Cincinnati Cos*., 701 N.E.2d at 505 (quoting *Federated Mut*., 688 N.E.2d at 632-633). The court therefore concluded that relieving the insured of the tender requirement, and shifting the burden to the insurer to ask if the insured wanted a defense, was "hardly 'onerous.'" *Cincinnati Cos*., 701 N.E.2d at 505 (quoting *Towne Realty, Inc. v. Zurich Ins. Co*., 548 N.W.2d 64, 67 (Wis. 1996)). In *Towne Realty*, the named insured sent the insurer a letter, along with the summons and complaint. The letter accompanying the complaint did not clearly ask the insurer to defend the insured:

> At this time, the enclosed information is not being submitted as a claim. I am sending it to your attention for review and discussion. As it is an unusual and complicated situation, we would first like to see [the insurer's] insight into potential position on extent of coverage. … At present, we have retained the services of Attorney Michael Wherry … and would like to continue his services as he is well acquainted with the intricacies of this matter.

*Towne Realty*, 548 N.E.2d at 264-265.

The Wisconsin Supreme Court held that if the insurer was unclear whether the insured wanted a defense, there was nothing onerous in requiring the insurer to clarify its named insured whether it wanted a defense. *Id*. at 269.

The *Cincinnati Cos*. court's observation -- that, because they are listed in the policy's declaration page and additional insured endorsements, it is not "onerous" to identify a Named Insured or identified Additional Insured -- has no application for an omnibus insured. Here, for example, it is not a simple task – both for Lincoln General and Travelers – to sort out who qualified for omnibus insured status where the "insured" is defined as "anyone liable for the conduct of an insured described above … but only to the extent of that liability." [Dkt. Nos. 40-2, paged 83-84; 40-9, Pages 13-14].

> 3.    *Ryerson was adequately represented, and thus public policy is not offended by requiring Ryerson to tender its defense to Lincoln General.*

Finally, the *Cincinnati Cos*. court noted that "the state has an interest in having the insured adequately represented in the underlying litigation." *Cincinnati Cos.*, 701 N.E.2d at 505. Any such policy is not offended in this case by requiring Ryerson to tender its defense to Lincoln General. Here, the Lincoln General Policy provided $1 million in coverage. [Dkt. No. 40, page 30 ¶ 28].  In contrast, Travelers provided $2 million in coverage to Ryerson. [Dkt. No. 40, page 28 ¶ 15; Dkt. No. 40-2, pages 12, 69]. (Although Travelers' Counterclaim does not discuss the Illinois National Umbrella Policy, that policy provided an additional $25 million to Ryerson. [Dkt. No. 30-1, Page 1]). Thus, the policy of ensuring that an insured is adequately represented is not offended by requiring an omnibus insured to tender its defense.

## II.    Travelers waived its claims against Lincoln General.

Travelers waived any claim against Lincoln General because it defended Ryerson for eleven years without reserving its rights against Lincoln General. Waiver may be express or implied, and may arise from the insurer's acts, words, conduct, or knowledge. *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 620 N.E.2d 1073, 1080 (Ill. 1993); *Western Cas. & Surety Co. v. Brochu,* 475 N.E.2d 872, 878 (Ill. 1985). An implied waiver arises when the person's

conduct is inconsistent with any intention other than to waive its rights. *Home Ins. v. Cincinnati Ins. Co.*, 821 N.E.2d 269, 282 (Ill. 2004). "[A]n insurer … desiring to reserve any rights it may have against a second insurer must make this position clear in its correspondence with the insurance company it may believe to be another insurer." *Illinois Ins. Guar. Fund v. Liberty Mut. Ins. Co.*, 1 N.E.2d 956, 960-961 (Ill. App. 2013). An insurer that delays in asserting its rights may be found to have waived those rights. *See Roland Franklin Univ. of Medicine & Science v. Landmark Amer. Ins. Co.*, 8 N.E.3d 20, 45 (Ill. App. 2014).

In *Home*, the insurer seeking equitable subrogation asserted its status as an excess insurer for the first time in the subrogation action, and did not raise this position until after the underlying claim was settled. The insurer had originally agreed to share the cost of defense and indemnity on a 50/50 basis, and failed to advise the other insurer that it would be seeking a full reimbursement of any settlement as an excess insurer. The Illinois Supreme Court held that the totality of the insurer's conduct was inconsistent with its claim that it would seek a full reimbursement for the settlement from the other insurer.

Here, Travelers fails to allege that it reserved any rights against Lincoln General during the eleven years that it controlled Ryerson's defense. In the fall of 2014, Travelers paid $3.6 million in partial satisfaction of the judgment and post-judgment interest on behalf of Ryerson. Yet Travelers' Counterclaim and Affirmative Defenses are silent as to when or whether Travelers ever reserved its rights against Lincoln General. Accordingly, this Court should dismiss Travelers' Counterclaim and Affirmative Defenses.

**III.   Travelers fails to allege that Ryerson tendered its defense to Lincoln General, and thus Travelers is not entitled to its attorneys' fees incurred in Ryerson's defense.**

Lincoln General's Policy in Section V.A.2.b (1) provides that "you and any other involved 'insured' must … [a]ssume no obligation, make no payment or incur no expense without our

11

consent, except at the 'insured's' own cost." [Dkt. No. 40-9, page 20]. The "any other 'insured'" language applies to an omnibus insured like Ryerson. *American Nat'l. Fire Ins. Co. v. National Union Fire Ins. Co. of Pittsburg, PA*, 796 N.E.2d 1133, 1139-1142 (Ill. App. 2003). This "voluntary payments provision … provides that an insurer will not be held responsible for its insured's voluntary payments incurred before tendering the defense of the lawsuit." *Myoda Computer Center, Inc. v. American Family Mut. Ins. Co.*, 909 N.E.2d 214, 218 (Ill. App. 2009). An insurer is not liable for pre-tender defense fees incurred if it can show prejudice. *Westchester Fire Ins. Co. v. G. Heileman Brewing Co., Inc.*, 747 N.E.2d 955, 967-968 (Ill. App. 2001).

Prejudice arises as a matter of law if the defense is not tendered until after judgment has been entered. *Cf. Vega v. Gore*, 730 N.E.2d 587 (Ill. App. 2000) (insurer was prejudiced when it received notice after default judgment was entered against insured). Lincoln General is obviously prejudiced in being asked to foot the bill for over $2 million dollars in attorneys' fees to cover Travelers' defense of Ryerson through trial, verdict, and appeal – a defense it had no right to control. Thus, under the plain language of the policy, this Court should deny Travelers' request for defense fees.

## IV.  Travelers fails to allege facts to support its claims for estoppel or waiver.

Finally, Travelers alleges that Lincoln General is estopped from asserting policy defenses – or has waived those defenses -- and from denying coverage because Lincoln General breached its duty to defend Ryerson in the Underlying Action. [Dkt. No. 40, pages 25, 34-36]. However, "[a]pplication of the estoppel doctrine is not appropriate if the insurer had no duty to defend or if the insurer's duty to defend was not properly triggered. These circumstances include where the insurer was given no opportunity to defend; …." *Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1135 (Ill. 1999). Once again, Travelers fails to allege facts necessary to trigger Lincoln

12

General's duty to defend Ryerson. Ryerson's failure to tender its defense to Lincoln General dooms this claim. *Pekin Ins.*, 830 N.E.2d at 19-20. As discussed above, the mere fact that Lincoln General knew about the lawsuit against Illinois State and Ryerson is not enough to establish "actual notice" necessary to trigger coverage under the Lincoln General Policy. *Home Ins.*, 755 N.E.2d at 134. Travelers' waiver claim fails for the same reason. Waiver is the "'voluntary relinquishment of a known right ….'" *Center Partners, Ltd. v. Growth Head GP, LLC*, 981 N.E.2d 345, 364 (Ill. 2012) (citation omitted). Because Travelers fails to allege facts to support its claim that Lincoln General's duty to defend an omnibus insured was triggered, Travelers' estoppel and waiver claims fail.

## CONCLUSION

WHEREFORE, Lincoln General Insurance Company requests this Court to dismiss Travelers' Counterclaim and Affirmative Defenses.

Respectfully submitted,

 /s/ David S. Allen
David S. Allen
Illinois ARDC #3128186
**Ruberry, Stalmack & Garvey, LLC**
Citicorp Center, Suite 2300
500 West Madison Street, Suite 2300
Chicago, Illinois 60661
Tel. (312) 466-8050
Fax (312) 466-8055
david.allen@rsg-law.com