# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH T. RYERSON & SON, INC., ILLINOIS NATIONAL INSURANCE COMPANY, THE TRAVELERS COMPANIES, NANCY HOFFMAN, MARK HOFFMAN, and KAREN HOFFMAN,<br><br>Defendants. | Case Number 1:14-cv-08446<br><br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Jeffrey Gilbert |

## TRAVELERS' RESPONSE TO LINCOLN GENERAL'S MOTION TO DISMISS ITS AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant/Counter-Plaintiff Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois ("Travelers"), by and through its attorneys, Jamie L. Hull, Jean M. Golden, and Margaret A. Shipitalo of Cassiday Schade LLP, and for its response to the motion to dismiss filed by Lincoln General Insurance Company ("Lincoln General"), states as follows:

### I. INTRODUCTION

In its motion to dismiss, Lincoln General asks this Court to reach the heart of this coverage dispute at the very outset of the litigation, on the pleadings, while the parties are in the midst of conducting written discovery. As an initial matter, Lincoln General's motion is procedurally unclear, as it fails to identify the federal rule or rules upon which it relies. Further, the overwhelming majority of the decisions cited by Lincoln General in support of its arguments were adjudicated on summary judgment. Lincoln General's failure to articulate the relevant standards or set forth appropriate case law is fatal to its motion.

If the Court was to construe Lincoln General's motion as brought pursuant to Fed. R. Civ. P. 12(b)(6), it is clear that Travelers has properly and adequately pled its claims and that the motion should be denied. Travelers' allegations meet and exceed the pleading requirements of Fed. R. Civ. P. 8(a), and there is no valid basis for dismissal under Rule 12(b)(6). Travelers has pled that Lincoln General owed a duty to defend and indemnify Ryerson Tull, Inc. and Joseph T. Ryerson & Son, Inc., breached that duty, and is now barred by the doctrines of estoppel and waiver from disputing coverage. While Lincoln General may dispute those allegations, it is not a proper basis for dismissal on the pleadings. Additionally, Lincoln General's arguments based on late notice, voluntary payments, and waiver can be swiftly rejected. These matters are affirmative defenses that Lincoln General must plead and prove, and have no effect on Travelers' ability to plead the elements of its claims. Therefore, this Court must deny Lincoln General's motion to dismiss.

## II.  TRAVELERS' ALLEGATIONS

In Travelers' Counterclaim for Declaratory Judgment and Other Relief, Travelers alleges that on July 12, 2002, Nancy, Mark, and Karen Hoffman filed a lawsuit against Dorlan Crane ("Crane") and Illinois State Motor Service, Inc. ("Illinois State") in the Circuit Court of Cook County, Illinois, as Case No. 2002 L 8850, which arose out of an auto accident on June 21, 2002 between a semi-trailer truck driven by Crane and a vehicle driven by Nancy Hoffman ("the Underlying Action"). (*See* Travelers' Answer, Affirmative Defenses, and Counterclaim, Doc. #40, p. 26, ¶¶5-6). Travelers alleges that Lincoln General, which issued a commercial auto policy to Illinois State, received notice of the Underlying Action from Illinois State in 2002, and appointed the law firm of Segal McCambridge Singer & Mahoney, Ltd. to represent and defend Crane and Illinois State, at Lincoln General's expense. (*Id*., p. 27, ¶8-9, 28). Travelers asserts

that Segal McCambridge Singer & Mahoney, Ltd. filed an answer on behalf of Crane and Illinois State on August 14, 2002, and continued to defend Crane and Illinois State, up to and including the date the Underlying Action was re-filed in 2007. (*Id*., p. 27, ¶11). During that time, Travelers alleges that Segal McCambridge Singer & Mahoney, Ltd. provided reports to Lincoln General's claims adjuster regarding the Underlying Action. (*Id*., p. 27, ¶12).

Travelers further alleges that Ryerson Tull, Inc. was added as a defendant by a Second Amended Complaint filed in the Underlying Action on June 30, 2003, which alleged that Crane was acting as the agent and/or employee of Ryerson Tull, Inc. in the operation of the semi-trailer truck, and that Ryerson Tull, Inc. was negligent in various respects through its agents and employees, including Crane. (*Id*., pp. 27-28, ¶13). Travelers alleges that on June 17, 2004, a Third Amended Complaint was filed in the Underlying Action adding Joseph T. Ryerson & Son, Inc. as a defendant and containing similar allegations with respect to agency. (*Id*., p. 28, ¶16). In addition, Travelers alleges that a Sixth Amended Complaint was filed in the Underlying Action on December 27, 2011, that no longer named Ryerson Tull, Inc. as a defendant, but contained allegations that Crane was acting as the agent of Illinois State, 3pL Corp. and Joseph T. Ryerson & Son, Inc. and that Illinois State, 3pL Corp. and Joseph T. Ryerson & Son, Inc. were negligent in various ways through their joint venture, and/or by and through their agent, Crane. (*Id*. pp. 28-29, ¶17).

Travelers alleges that on February 10, 2012, the jury in the Underlying Action entered a verdict against Crane, Illinois State, 3pL Corp., and Joseph T. Ryerson & Son, Inc. in the amount of $27,672,152.15, and answered the following Special Interrogatories in the affirmative: a joint venture existed between Illinois State, 3pL Corp., and Joseph T. Ryerson & Son, Inc.; Crane was an agent of the joint venture; Crane was an agent of 3pL Corp. and Joseph T. Ryerson & Son,

3

Inc. acting within the scope of his authority; and Crane acted within the scope of his authority as an agent of the joint venture. (*Id*., p. 29, ¶¶19-20). The Appellate Court of Illinois, First District, entered an Order affirming the Underlying Judgment on June 3, 2014. (*Id*., p. 29, ¶23). The Illinois Supreme Court denied Joseph T. Ryerson & Son, Inc.'s Petition for Leave to Appeal on September 24, 2014. (*Id*., pp. 29-30, ¶25). Travelers paid $2 million in indemnity on behalf of Joseph T. Ryerson & Son, Inc. and $1,640,801.35 for post-judgment interest, for a total of $3,640,801.35. (*Id*. p. 30, ¶26). Travelers also paid $2,444,425.87 in attorney's fees on behalf of Ryerson Tull, Inc. and Joseph T. Ryerson & Son, Inc. (hereinafter, Ryerson Tull, Inc. and Joseph T. Ryerson & Son, Inc. are collectively referred to as "Ryerson"). (*Id*., p. 30, ¶27).

In its Counterclaim, Travelers asserts the following causes of action against Lincoln General: Declaratory Judgment (Count I); Waiver (Count II); Estoppel (Count III); Contractual Subrogation (Count IV); and Equitable Subrogation (Count V). (*See id*.). Travelers alleges that Lincoln General had a duty to defend Ryerson because it knew or should have known that Ryerson potentially fell within coverage. (*Id*., pp. 33-34, ¶37). Despite this actual notice, Travelers asserts that Lincoln General remained silent for over eleven years and did not defend Ryerson or file a declaratory judgment action, and is therefore barred from disputing its obligations under the doctrines of estoppel and waiver. (*Id*., p. 35, ¶¶42, 45-46). Travelers also asserts that it is contractually and equitably subrogated to Ryerson's rights to recover from Lincoln National. (*Id*., pp. 36-37). Travelers seeks to recover the defense fees it paid on behalf of Ryerson, plus pre-judgment and post-judgment interest. (*Id*., pp. 36-38). In addition, Travelers asserts the following affirmative defenses: Failure to State a Claim (First Defense); Actual Notice (Second Defense); Estoppel (Third Defense); Waiver (Fourth Defense); and Reservation to Assert Additional Defenses (Fifth Defense). (*Id*., pp. 24-25).

## III.  STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court views all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008); *Autry v. Nw. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A complaint should not be dismissed unless "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 874 (7th Cir. 1995); *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993)(court may grant a 12(b)(6) motion only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations). *See also Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002)("A complaint need only state the nature of the claim; details can wait for later stages."). Applying these standards here, it is clear that Travelers has adequately pled its affirmative defenses and counterclaim.

## IV.  ARGUMENT

### A.  Travelers Has Satisfied The Pleading Requirements, And Lincoln General's Notice Arguments Are Premature And Unavailing.

Lincoln General asserts that Travelers has not pled the facts necessary to assert that Lincoln General owed a duty to defend or indemnify Ryerson. (Lincoln General's Motion to Dismiss, Doc. # 41, p. 5). However, Lincoln General misconstrues Travelers' allegations and the applicable pleading standards. Pleadings are to be construed liberally, and a plaintiff need not plead particular legal theories or particular facts in order to state a claim. *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998). All that Fed. Rule Civ. P. 8(a) requires is a short and plain

statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2002).

In its motion to dismiss, Lincoln General does not argue that Ryerson does not qualify as an insured under its policy. Rather, Lincoln General's foundational argument is that Travelers did not allege that Lincoln General's duty to defend was triggered, relying on the incorrect statement that Travelers only pleads that Lincoln General's "knowledge that Ryerson was a defendant" triggered its duty to defend. (Lincoln General's Motion to Dismiss, p. 5, where Lincoln General states in the heading that "Lincoln General's knowledge that Ryerson was a defendant in the Underlying Action was insufficient to trigger Lincoln General's duty to defend and indemnify"; p. 6, "Travelers [sic] further alleges that Lincoln General had "actual notice" because it knew that Ryerson was a defendant in the Underlying Action."). Travelers' position is that if Lincoln General knew or should have known that Ryerson was a defendant **and** that the Underlying Action fell within its policy, its duty to defend was triggered. *Cincinnati Cos. v. West Am. Ins. Co.*, 183 Ill. 2d 317 (1998). Taking a complete view of Travelers' pleading leaves no question that Travelers properly pled its claims.

As noted herein, Travelers has asserted, among other things, that: Ryerson qualified as an insured under the Lincoln General Policy as "anyone liable for the conduct of an 'insured' described above but only to the extent of that liability" (Doc. #40, pp. 33-34, ¶37); Lincoln General received notice of the Underlying Lawsuit from Illinois State in 2002 (*Id.*, p. 33, ¶34); Lincoln General hired defense counsel, Segal McCambridge Singer & Mahoney, Ltd., to represent and defend Crane and Illinois State (*Id.*); and, over the course of five years, Lincoln General received reports from its appointed defense counsel regarding the status of the Underlying Action. (*Id.*, p. 27, ¶12). Moreover, Travelers asserts that in the Underlying Action,

6

the plaintiff alleged that Crane was Ryerson's agent acting within the scope of his authority. (*Id.*, pp. 27-28, ¶¶13, 16, 17). Travelers further asserts that in their Answer to the Sixth Amended Complaint filed in the Underlying Action, Crane and Illinois State admitted that Crane was acting as Illinois State and Ryerson's agent at the time of the accident. (*Id.*, p. 29, ¶18). As a result of the foregoing, Travelers alleges that Lincoln General was on actual notice because it knew or should have known that there was a possibility that Ryerson fell within coverage. (*Id.*, p. 33, ¶37).

Drawing all inferences in Travelers' favor, Travelers has pled that Lincoln General's duty to defend was triggered. *See Ray*, 629 F.3d 660; *Bielanski*, 550 F.3d 632; *Autry*, 144 F.3d 1037 (all noting that the court is to accept as true all well-pleaded allegations and draw all reasonable inferences in plaintiff's favor upon ruling on a 12(b)(6) motion to dismiss). As Travelers alleges, Lincoln General had a copy of the plaintiff's pleadings against Ryerson in the Underlying Action, which contained allegations that Crane was Ryerson's agent. In connection with the Sixth Amended Complaint, Travelers alleges that Crane and Illinois State admitted that Crane was acting as Ryerson's agent at the time of the accident. Further, it is certainly plausible that the reports that Lincoln General received from defense counsel over multiple years, referenced in Travelers' Counterclaim, contained analysis regarding the theories advanced by the plaintiff, including agency. Whether Lincoln General did, in fact, have information sufficient to locate and defend the Underlying Action such that it knew or should have known that Ryerson was potentially entitled to coverage is a matter that will be decided in this litigation. At this stage, the inference can be drawn that it did.

Lincoln General attempts to avoid this potentiality by asserting that a formal tender alone is required in order for its duty to defend to be triggered. (Lincoln General's Motion to Dismiss,

7

Doc. #41, p. 5-7). Under Illinois law, an insurer's duty to defend is triggered when it receives actual notice, from any source, of a claim against an insured. *Cincinnati Cos.*, 183 Ill. 2d at 329-30. In such cases, a formal tender is not required. *Id.* Actual notice means that the insurer knows that a cause of action has been filed and that falls within or potentially within the scope of the coverage. *Id*. An insurer is deemed to have actual notice of a lawsuit if it has sufficient information to locate and defend the suit. *Id*. Once the insurer has a reasonable basis to know that there is potential coverage for an insured under its policy, the insurer must contact the insured to see whether the insured is seeking coverage. *Id*.

Moreover, an insurer's failure to defend under a reservation of rights or file a declaratory judgment action results in an estoppel of the right to raise defenses to coverage. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150-51 (1999); *Mt. Hawley Ins. Co. v. Certain Underwriters at Lloyd's*, 2014 IL App (1st) 133931 (insurer estopped from attempting to limit coverage to additional insureds where wrongfully denied coverage). Furthermore, "an insurer may waive a policy defense by continuing under a policy when it knows or in the exercise of ordinary diligence could have known the facts in question giving rise to the defense." *State Farm Mut. Auto. Ins. Co. v. Gray*, 211 Ill. App. 3d 617, 620 (1st Dist. 1991). "When a party intentionally relinquishes a known right, either expressly, as by objection, or by conduct such as silence, inconsistent with an intent to enforce that right, waiver may be inferred." *Hahn v. A.G. Becher Paribas, Inc.*, 164 Ill. App. 3d 660, 670 (1st Dist. 1987).

Although highlighted by Illinois National, it bears repeating that the *Home Ins. Co. v. United States Fid. & Guar. Co.* decision cited by Lincoln General supports the premise that when an insurer has actual notice, its duty to defend an omnibus insured can be triggered. 324 Ill. App. 3d 981 (1st Dist. 2001). There, Prestress Engineering Corporation ("PEC") was not

8

identified in the policy issued by USF&G. *Id*. at 985. After engaging in a legal analysis regarding the meaning of the phrase "hire or borrow," the court determined that USF&G owed a duty to defend PEC under Section 1(c) of the "Who Is An Insured" provisions as "the owner or anyone else from whom you hire or borrow a covered 'auto' that is a 'trailer' while the 'trailer' is connected to another covered 'auto' that is a power unit…." *Id*. at 987-89. The court then turned to whether USF&G had actual notice under the holding of *Cincinnati Cos.* for purposes of estoppel. USF&G argued that a question of fact existed as to whether and when the duty to defend was triggered, *i.e.*, when it knew that the complaint fell within or potentially within coverage of the policy. *Id*. at 994-95. The court agreed, remanding the case for a development of the record as to when USF&G had actual notice. *Id*. at 995. This is precisely the issue to be determined by this Court, and what Travelers has alleged. Similarly, in *Pekin Ins. Co. v. Fid. & Guar. Ins. Co.*, 357 Ill. App. 3d 891 (4th Dist. 2005), also cited by Lincoln National, the record had not been developed as to the facts surrounding the insurer's knowledge and whether the insurer had actual notice. The Court must find that Travelers properly pled its claims, and deny Lincoln General's motion. Accordingly, Lincoln General's claims that *Cincinnati Cos.* and *Towne Realty, Inc. v. Zurich Ins. Co.*, 201 Wis. 2d 260 (1996) have no application to an omnibus insured are unsupported. So long as the insurer has knowledge that a cause of action has been filed and that it falls within or potentially within the scope of the coverage, the insurer must contact the insured to see whether the insured is seeking coverage. It does not matter by what means the insured obtains its insured status under the policy.

Moreover, the actual notice rule does not apply solely to insureds who have paid premiums to the insurer, as exemplified by numerous decisions, including Lincoln General's own case law. *United States Fid. & Guar. Co.*, 324 Ill. App. 3d 981 (1st Dist. 2001). *See also*

*Rami Pak v. Admiral Ins. Co.*, 2004 U.S. Dist. LEXIS 25066 (N.D. Ill. Dec. 9, 2004) (noting that insurer had actual notice of an entity's insured status under Illinois law, including *Cincinnati Cos.*, where entity was not named in or listed on policy but policy provided that distributors were additional insureds and underlying complaint in insurer's possession alleged that entity was a distributor). The *State Auto Prop. & Cas. Ins. Co. v. Springfield Fire & Cas. Co.*, 394 Ill.App.3d 414 (4th Dist. 2009), *Vedder v. Standard Mut. Ins. Co.*, 2012 IL App (5th) 110583, and *Coca-Cola Enterprises, Inc. v ATS Enterprises, Inc.*, 670 F.3d 771, 777 n.6 (7th Cir. 2010) decisions relied upon by Lincoln General do not alter this conclusion as they are distinguishable. As acknowledged by Lincoln General, *State Auto*, *Vedder* and *Coca-Cola* discuss the inapplicability of the Illinois "targeted tender" doctrine to omnibus insureds. The targeted tender doctrine is not at issue here and, therefore, those cases are irrelevant.

Lastly, Lincoln General's argument that it did not have to reach out to Ryerson because Ryerson was adequately represented by Travelers is unfounded. (Lincoln General's Motion to Dismiss, Doc. #41, p. 10). An insurer cannot simply sit on the sidelines and watch another carrier fulfill its defense obligations. *Central Mut. Ins. Co. v. Kammerling*, 212 Ill. App. 3d 744, 749 (1st Dist. 1991). An insurer that knows that its policy potentially covers a party is not allowed to avoid its potential obligations by remaining silent with the hope that the potentially covered insured will not formally tender its defense. *Schal Bovis v. Cas. Ins. Co.*, 315 Ill. App. 3d 353 (1st Dist. 2000). Therefore, Lincoln General's arguments must be rejected.[1]

**B.    Lincoln General Has The Burden To Prove A Lack Of Compliance With Policy Conditions, And Its Late Notice And Voluntary Payments Arguments Must Be Rejected.**

While not entirely clear, it appears that Lincoln General asserts that Ryerson violated the

---

[1] In addition, Travelers' First Affirmative Defense, Failure to State a Claim, is a proper affirmative defense and should be read together with Travelers' Counterclaim. *Builders Bank v. First Bank & Trust Co.*, 2004 U.S. Dist. LEXIS 5016 (N.D. Ill. Mar. 24, 2004).

conditions of the Lincoln General Policy regarding notice. (Motion to Dismiss, Doc. # 41, p. 7). Lincoln General also claims that Ryerson violated the voluntary payments provision in its policy. (*Id.*, pp. 11-12). For these arguments, Lincoln General again relies on the faulty assertion that Travelers failed to allege that Lincoln General's duty to defend was triggered, which must be rejected for the reasons stated herein.[2] Moreover, these provisions are not part of the coverage grant of the Lincoln General Policy, and Travelers is not required to allege compliance therewith in its own pleading. Under Illinois law, the insurer bears the burden of proving a breach of its policy conditions. *Addison Ins. Co. v. Fay*, 232 Ill. 2d 446, 453-54 (2009)("Once the insured has demonstrated coverage, the burden shifts to the insurer to prove that a limitation or exclusion applies."). The insurer also has the burden to prove prejudice sufficient to establish a breach of the voluntary payments provision. *Pekin Ins. Co. v. Xdata Solutions, Inc.*, 2011 IL App (1st) 102769, ¶29. Late notice and voluntary payments are affirmative defenses that must be raised by Lincoln General.

C.      **Lincoln General Has The Burden To Prove Waiver.**

Waiver is the voluntary, intentional relinquishment of a known right. *Lavelle v. Dominick's Finer Foods, Inc.*, 227 Ill. App. 3d 764, 771 (1st Dist. 1992). Waiver of a right can be implied, but the intention to waive must be clearly inferred from the surrounding circumstances. *Id.* The party claiming waiver has the burden of proving a clear, unequivocal, and decisive act of its opponent manifesting an intention to waive its rights. *R & B Kapital Dev., LLC v. North Shore Cmty. Bank & Trust Co.*, 358 Ill.App. 3d 912, 922 (1st Dist. 2005), citing *In re Nitz*, 317 Ill. App. 3d 119, 130 (2d Dist. 2000); *Galesburg Clinic Ass'n v. West*, 302 Ill. App. 3d 1016, 1019-20 (3d Dist. 1999).

---

[2] Further, where an insurer is found to be estopped, it is precluded from relying on a breach of the notice condition. *Ehlco*, 186 Ill. 2d. The *Vega v. Gore* decision cited by Lincoln National, 313 Ill.App.3d 632 (2d Dist. 2000), a case involving purported late notice, is therefore distinguishable.

11

Lincoln General relies on the assertion that Travelers failed to plead that it reserved rights sufficient to recover from Lincoln General. (Lincoln General's Motion to Dismiss, Doc. #41, pp. 10-11). However, Travelers is not required to plead the absence of a waiver, and none of the case law cited by Lincoln General holds to the contrary. In *Illinois Ins. Guar. Fund v. Liberty Mut. Ins. Co.*, 2013 IL App (1st) 123345, cited by Lincoln General, the court merely found that the plaintiff carrier did not plead that the defendant carrier was primarily responsible for the loss, which is an element of a claim for equitable subrogation, not that it did not plead a "lack of waiver." *Id*. at ¶¶ 20-22. The decision is irrelevant for the additional reason that Travelers is not asserting a claim for equitable subrogation against Lincoln General. Lincoln General bears the burden to show waiver, and must plead and prove this defense. Fed. R. Civ. P. 8(c)(expressly listing waiver as among affirmative defenses). Therefore, Lincoln General's argument for dismissal based on waiver must be rejected.

## V. CONCLUSION

WHEREFORE, for all of the reasons set forth herein, Lincoln General's Motion to Dismiss Travelers' Affirmative Defenses and Counterclaim must be denied.

    Respectfully submitted,

    CASSIDAY SCHADE LLP

    By: <u>Jamie L. Hull</u>
        One of the Attorneys for Defendant/Counter-Plaintiff, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois

Jamie L. Hull
Jean M. Golden
Margaret A. Shipitalo
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on <u>April 17, 2015</u> I electronically filed the foregoing document with the clerk of the court for , using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

<u>/s/ Jamie L. Hull</u>

8061149